

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEVIE B. RICHARDSON,                )    Case No. CV 13-02218-JEM
                                     )
                      Plaintiff,     )
                                     )
         v.                          )    MEMORANDUM OPINION AND
                                     )    ORDER AFFIRMING DECISION OF
CAROLYN W. COLVIN,                   )    THE COMMISSIONER OF SOCIAL
Acting Commissioner of Social Security, )  SECURITY
                                     )
                      Defendant.     )
_____ )

**PROCEEDINGS**

On April 9, 2013, Stevie B. Richardson ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits.  The Commissioner filed an Answer on July 30, 2013.  On November 25, 2013, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 53-year-old male who applied for Social Security Disability Insurance benefits on November 2, 2009 and Supplemental Security Income benefits on October 31, 2009.  (AR 12.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 2, 2007, the alleged onset date of his disability.  (AR 14.)

Plaintiff's claims were denied initially on February 26, 2010.  (AR 12.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Robert S. Eisman on April 27, 2011, in Downey, California.  (AR 12)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 12.)  Vocational expert ("VE") Randi A. Langford-Hetrick also appeared and testified at the hearing.  (AR 12.)

The ALJ issued an unfavorable decision on May 27, 2011.  (AR 12-20.)  The Appeals Council denied review on October 1, 2012.  (AR 2-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1.    Whether the ALJ has properly considered the testimony of Stevie
        Richardson.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

1   conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation

2   omitted).

3       This Court must review the record as a whole and consider adverse as well as

4   supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

5   Where evidence is susceptible to more than one rational interpretation, the ALJ's

6   decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599

7   (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole

8   and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"

9   Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

10   1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

11   **THE SEQUENTIAL EVALUATION**

12       The Social Security Act defines disability as the "inability to engage in any

13   substantial gainful activity by reason of any medically determinable physical or mental

14   impairment which can be expected to result in death or . . . can be expected to last for a

15   continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A),

16   1382c(a)(3)(A). The Commissioner has established a five-step sequential process to

17   determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

18       The first step is to determine whether the claimant is presently engaging in

19   substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the

20   claimant is engaging in substantial gainful activity, disability benefits will be denied.

21   Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether

22   the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at

23   746. An impairment is not severe if it does not significantly limit the claimant's ability to

24   work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment

25   is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I

26   of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the

27   listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S.

28   at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant

from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

### THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since January 2, 2007, the alleged onset date.  (AR 14.)

At step two, the ALJ determined that Plaintiff has the following severe impairments: back pain/degenerative disc disease (20 C.F.R. §§ 404.1520(c) and 416.920(c)).  (AR 14-15.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 15.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except for the following limitations:

> . . . can exert up to 20 pounds of force occasionally and/or up to 10 pounds of force frequently and/or a negligible amount of force constantly to move objects.  The Claimant can stand and walk up to 6 hours and sit up to 6 hours in an 8-hour workday with normal breaks. He can perform work that does not require climbing ladders, ropes or scaffolds, balancing or crawling, and no more than occasional climbing of ramps or stairs, balancing, stooping, kneeling, or crouching.  The Claimant can perform work that does not require concentrated exposure to extreme cold and hazardous machinery, unprotected heights, or other high risk, hazardous or unsafe conditions.

(AR 15-18.)  In determining this RFC, the ALJ made an adverse credibility determination. (AR 16.)

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work as an in-home attendant.  (AR 18.)  At step five, the ALJ found that considering his age, education, work experience, and RFC, Claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy that Claimant can perform, including cashier and office helper.  (AR 18-20.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act.  (AR 20.)

**DISCUSSION**

The ALJ properly discounted Plaintiff's credibility.  The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**A.    Relevant Federal Law**

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.    Analysis**

In determining Plaintiff's RFC, the ALJ concluded the Plaintiff's medically determinable impairments could be expected to cause his alleged symptoms.  (AR 16.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not credible to the extent inconsistent with

6

his assessed RFC.  (AR 16.)  Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility.  Smolen, 80 F.3d at 1283-84.  The ALJ did so.

The ALJ found that the medical evidence of record does not support or corroborate the extent of pain or limitations alleged by Plaintiff or a disabling condition.  (AR 16.)  An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 989.  Here, a radiograph of Plaintiff's lumbosacral spine revealed no muscle spasms and an August 28, 2008 MRI of the lumbar spine revealed only moderate degenerative changes with no stenosis.  (AR 16.)  Despite complaints of bilateral knee pain, a physician on examination noted no tenderness and no pain elicited.  (AR 16.)

The ALJ gave significant weight to the opinion of Dr. Kristof Siciarz, an internist who evaluated Plaintiff on February 8, 2010.  (AR 17, 220-226.)  Dr. Siciarz found spinal tenderness or spasm and minimal discogenic disease.  (AR 17.)  He assessed a light work RFC with limitations.  (AR 17.)  No treating physician opinion refutes Dr. Siciarz' findings.  (AR 17.)   A previous consulting internist, Dr. Rocely Ella-Tamayo, offered a similar RFC assessment on February 8, 2009.  (AR 17, 257-261.)  Her examination of the Claimant's back revealed normal range of motion and no tenderness, and a radiograph taken at the time of the evaluation indicated minimal spondylosis and mild disc degeneration.  (AR 17.)  A State agency reviewing physician, Dr. M. Bayar, also assessed a light work RFC with limitations on February 19, 2010.  (AR 17, 228-233.)  The ALJ found that the RFC is supported by the opinions of Dr. Siciarz, Dr. Tamayo and Dr. Bayar.  Plaintiff does not address or dispute the medical evidence cited by the ALJ.

The ALJ also discounted Plaintiff's subjective symptoms because his treatment was conservative in nature.  (AR 16.)  Conservative treatment is a valid basis for discounting a claimant's testimony.  Parra, 481 F.3d at 750-751.  Here, there was no

7

surgery or aggressive treatment, only pain injections and medications.  Impairments controlled effectively with conservative treatment such as medications are not disabling. Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008); Warre v. Comm'r of Soc. Sec. Adm., 439 F.3d 1001, 1006 (9th Cir. 2006).

The record also indicates non-compliance by Plaintiff with his recommended treatment (AR 16) which demonstrates a possible unwillingness to do what is necessary to improve his condition or an indication that his symptoms are not as severe as alleged. A claimant's failure to follow a prescribed course of treatment is a valid basis for discounting credibility.  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).  Here, the ALJ found Plaintiff repeatedly missed doctor's appointments and that the record is replete with notes of cancelled or "no-show" appointments.  (AR 16.)

The ALJ also noted inconsistencies in Plaintiff's statements and conduct which is a valid basis for discounting credibility.  Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Light v. Soc. Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997).  Here, Plaintiff stated that he had been using a cane for five years based on a physician's prescription but there is no reference to a prescription for a cane in the medical records.  (AR 16.)  The ALJ also noted that Dr. Tamayo found Claimant did not need the use of an assistive device for near or prolonged ambulation.  (AR 17.)

The ALJ provided clear and convincing reasons supported by substantial evidence for discounting the severity of Plaintiff's subjective symptoms.  Plaintiff obviously disagrees with the ALJ's interpretation of the evidence but the ALJ is the one responsible for resolving ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the evidence is reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

1

**ORDER**

2       IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

3   Commissioner of Social Security and dismissing this case with prejudice.

4

5   DATED: <u>December 10, 2013</u>                          <u>        /s/ John E. McDermott        </u>
                                                            JOHN E. MCDERMOTT
6                                                           UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28